IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION NOS. 09-490, 10-573 |
| v. | : |
| | : CIVIL ACTION NO. 13-4475 |
| BARRY CORBIN | : |

SURRICK, J.                                                                          AUGUST 19, 2014

## MEMORANDUM

Presently before the Court is Petitioner Barry Corbin's pro se Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. § 2255. (No. 09-490, ECF No. 47; No. 10-573, ECF No. 20.)[1] For the following reasons, the Motion will be denied.

## I. BACKGROUND

On July 21, 2009, a federal grand jury returned a three-count Indictment charging Petitioner with: one count of uttering a forged treasury check, in violation of 18 U.S.C. § 510(a)(2); one count of producing a false identification document, in violation of 18 U.S.C. § 1028(a)(1); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. On September 23, 2009, Petitioner entered an open plea of guilty to these charges. (No. 09-490, ECF Nos. 17, 18.)

On September 2, 2010, the United States Attorney charged Petitioner with: one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371; four counts of wire fraud, in violation of 18 U.S.C. § 1343, 1349 and 2; four counts of aggravated identity theft, in violation

---

[1] We subject pro se pleadings to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

of 18 U.S.C. § 1028A; and one count of possession of a document-making implement, in violation of 18 U.S.C. § 1028(a)(5).  (No. 10-573, ECF No. 1.)[2]  On September 23, 2010, Petitioner entered a plea of guilty to all ten counts pursuant to a written plea agreement with the United States Attorney's Office.  (Sept. 23, 2010 Hr'g Tr., ECF No. 17; Plea Agreement, ECF No. 4.)

On February 28, 2011, a sentencing hearing was held for both cases.  (Min. Entry, ECF No. 11; Feb. 28, 2011 Hr'g Tr. (on file with Court).)  During the hearing, Petitioner made two objections to the Pre-Sentence Report ("PSR").  (Feb. 28 Hr'g Tr. 3-4, 6-7.)  We sustained the objections and adopted the factual matter contained in the PSR, as adjusted by Petitioner's objections.  (*Id*. at 7.)  Both parties agreed with the calculation of the United States Sentencing Guideline ("U.S.S.G.") range of 164-295 months.  (*Id*. at 3-4, 7.)  After considering all of the relevant circumstances, we sentenced Petitioner to a prison term of 240 months, followed by a three-year period of supervised release.  (*Id*. at 20; Judgment, ECF No. 12.)[3]  Petitioner filed a timely appeal to the Third Circuit Court of Appeals, challenging his sentence.  (ECF No. 13.)  On April 17, 2012, the Third Circuit affirmed the judgment of sentence.  *United States v. Corbin*, 474 F. App'x 66, 67 (3d Cir. 2012).

On July 23, 2013, Petitioner filed the instant Motion to vacate, set aside, or correct his sentence.  (Pet'r's Mot., ECF No. 20.)  The Motion makes reference to an attached memorandum of law, however, no memorandum was attached.  On September 6, 2013, we sent Petitioner a letter advising him to send us a memorandum so that we could review it along with his Motion.

---

[2] All subsequent ECF references are to docket number 10-573.

[3] We note that Petitioner had fifteen prior adult convictions and multiple arrests on charges that were ultimately dismissed.

(Ct.'s Sept. 6, 2013 Ltr. (on file with Court).)  On October 18, 2013, Petitioner filed a request to be furnished with court documents.  (ECF No. 22.)  On November 8, 2013, after determining that Petitioner had been provided with copies of the guilty plea agreement, the Government's change of plea memorandum, transcripts of the change of plea hearing, and a transcript of the sentencing hearing, we denied Petitioner's request for documents as moot.  (ECF No. 26.)  Petitioner has not filed a memorandum of law in support of his Motion.  Petitioner sent the Court a letter dated December 9, 2013, claiming that he had yet to receive materials from the case file and asking us to hold off on deciding his Motion until he was in possession of those materials.  (Pet'r's Dec. 9, 2013 Ltr. (on file with Court).)  Since that time, we have heard nothing from Petitioner and no memorandum has been filed.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground[s] that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the court may in its discretion hold an evidentiary hearing on a Section 2255 petition, *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief." 28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

### III. DISCUSSION

#### A. Parties' Contentions

Petitioner claims ineffective assistance of trial counsel Nina C. Spizer, Esquire. Petitioner argues that prior to sentencing, Spizer failed to afford him the opportunity to view the PSR and failed to raise mitigating factual circumstances. (Pet'r's Mot. 6-7, 12.) Petitioner also contends that he received ineffective assistance from appellate counsel Brett G. Swieitzer, Esquire. Petitioner alleges that Swieitzer failed to consult with him regarding meritorious appellate issues. (*Id*. at 9, 12.) Finally, Petitioner argues that he was denied the opportunity to review, read, and inspect the PSR, in violation of Federal Rule of Criminal Procedure 32. (*Id*. at 8.)

The Government responds that Petitioner's claims are barred by the appellate waiver contained within his plea agreement. The Government further maintains that even if the appellate waiver does not apply, all of Petitioner's claims are meritless. (Gov't's Resp., ECF No. 51.)

#### B. Appellate Waiver

Petitioner's plea agreement contained the following provision:

> [T]he defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

(Plea Agreement ¶ 8.)  However, pursuant to the terms of the waiver, Petitioner could file a direct appeal of his sentence if the Government appealed from the sentence.  (*Id*. at ¶ 8(a).)  Petitioner could also appeal if:  (1) "his sentence on any count of conviction exceed[ed] the statutory maximum . . . ; (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; or (3) the sentencing judge . . . imposed an unreasonable sentence above the final Sentencing Guideline range . . . ."  (*Id*. at ¶ 8(b)(1)-(3).)

"Waivers of collateral review are valid depending on 'the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice.'"  *United States v. Padilla-Castro*, 426 F. App'x 60, 62 (3d Cir. 2011) (quoting *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008)).  It is well established that a validly executed appellate waiver will not bar all claims of ineffective assistance of counsel.  As the Third Circuit has explained, "'enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented a defendant from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice.'"  *United States v. Mitchell*, 538 F. App'x 201, 203 (3d Cir. 2013) (quoting *United States v. Shedrick*, 493 F.3d 292, 298 & n.6 (3d Cir. 2007)).  The Court has also "acknowledged, without deciding the issue, the argument that waivers are invalid 'if they do not carve out claims of ineffective assistance concerning the same attorney who counseled the plea.'"  *United States v. Andrews*, -- F. Supp. 2d --, No. 13-6205, 2014 WL 1464305, at *6 (E.D. Pa. Apr. 15, 2014) (quoting *United States v. Grimes*, 739 F.3d 125, 130 (3d Cir. 2014)).  However, the Court has "not addressed whether ineffective assistance of counsel will always invalidate a waiver . . . ."  *Padilla-Castro*, 426 F. App'x 60 at 62-63.  In the instant case, we need not determine whether the enforcement of Petitioner's appellate waiver would result in a miscarriage of justice since all

of Petitioner's arguments are meritless. *Andrews*, -- F. Supp. 2d --, 2014 WL 1464305, at *7 ("[I]t is unnecessary to resolve whether waiver of these claims will result in a miscarriage of justice because they clearly fail on the merits.").

### C. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that: (1) his or her attorney's performance was deficient, and (2) the deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient representation, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, a defendant must show that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Under *Strickland*, counsel is presumed to have acted within the range of "reasonable professional assistance," and the defendant bears the burden of "overcome[ing] the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotation marks omitted). While a defendant has the right to effective assistance of counsel, courts have explained that the Constitution does not guarantee the right to a perfect trial. *See Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002) ("[T]he court is not engaging in a prophylactic exercise to guarantee each

defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel.").

"To avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily be right, so long as it is reasonable." *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1435 (3d Cir. 1996) (quoting *United States v. McGill*, 11 F.3d 223, 227 (1st Cir. 1993)). "Judicial scrutiny of counsel's performance must be highly deferential" as "[t]here are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 689.

In *Thomas v. Varner*, 428 F.3d 491 (3d Cir. 2005), the Third Circuit addressed how district courts should proceed in assessing whether an attorney's performance was constitutionally deficient under the first *Strickland* prong. The Court held, *inter alia*, that:

> [S]imilar to instances in which a court disposes of an ineffective assistance claim by analyzing the prejudice prong without considering whether counsel's performance was deficient, it is appropriate for a court to dispose of a case in which conduct is objectively reasonable without considering counsel's strategy. . . . Put differently, no hearings as to counsel's strategy are necessary in cases in which the conduct challenged is objectively reasonable, as courts can simply reject the claims on reasonableness grounds.

*Id.* at 501 n.10.

### 1. Opportunity to View PSR

It is unclear from Petitioner's Motion whether he is alleging that he did not receive the PSR or whether he is claiming that he did not have sufficient time to review it. In a December 9, 2013 letter to this Court, Petitioner wrote that he "never had an opportunity to actually, receive, visually review or challenge the contents of his [PSR]" because the probation office did not send a copy to the Virginia prison in which he was housed. (Pet'r's Dec. 9, 2013 Ltr. (on file with Court).)  The record does not support Petitioner's assertions.

On February 18, 2011, the probation office sent this Court a revised PSR and addendum setting forth unresolved objections to the report. (Feb. 18, 2011 Ltr. (on file with Court).) According to the cover letter, copies of the PSR and addendum were also mailed directly to Petitioner and Spizer. (*Id*.) In addition, Spizer has informed the Court that she "confirmed with [Petitioner] that he had received a copy of the Presentence report from the probation department." (Spizer's Reply, ECF No. 25.) Spizer also maintains that she reviewed the PSR with Petitioner several times prior to sentencing. (*Id*.) These representations are consistent with what Spizer told the Court at the sentencing hearing. At the hearing, Spizer stated that she had gone over the PSR with Petitioner earlier that morning and again at counsel table. (Feb. 28 Hr'g Tr. 3.) Petitioner did not contest this statement when it was made. In fact, Petitioner did not raise any of his current claims when he addressed the Court. (*Id*. at 16-18.) Furthermore, our review of the sentencing transcript reveals that Spizer's objections to the PSR were clearly based upon her conversations with Petitioner. Spizer specifically objected to two convictions and an outstanding warrant that were listed in the criminal history section of Petitioner's PSR. The objections to the convictions were based upon Petitioner's assertion that he could not have committed the crimes because he was serving an unrelated prison sentence at the time of their commission. (*Id*. at 4.) Spizer objected to the warrant because Petitioner wanted it "on the record" that he thought that the warrant had previously been dismissed. (*Id*. at 6-7.) Petitioner's assertion that he did not have an opportunity to review the PSR is simply not credible.

Even if we were to accept Petitioner's dubious assertion that he was denied the opportunity to review the PSR, he has failed to allege any resulting prejudice. Upon hearing the Government's response to Spizer's objections, we excluded the contested convictions from Petitioner's criminal history. Petitioner does not allege that the PSR contained any other

8

inaccurate information. He has failed to meet his burden under *Strickland*'s second prong. *See United States v. Reyes*, No. 05-534, 09-1809, 2012 WL 4641698, at *15 (E.D. Pa. Sept. 28, 2012) ("Defendant does not provide any allegations concerning inaccurate or inappropriate information allegedly included in the Presentence Investigation Report and considered by the court at sentencing. Accordingly, defendant has not demonstrated any prejudice cause[d] by [his attorney's] alleged ineffectiveness at sentencing.").

      2. *Mitigating Factors*

Next, Petitioner argues that Spizer was ineffective for "failing to indicate mitigating factual circumstances prior to sentencing." (Pet'r's Mot. 5.) Petitioner's argument is contradicted by the record. At sentencing, Spizer asked the Court to grant a variance below the U.S.S.G. range. (Feb. 28 Hr'g Tr. 13.) Specifically, Spizer argued for a lesser sentence, with the stipulation that Petitioner receive some type of mental health treatment. (*Id*. at 11.) In support of this argument, Spizer discussed the struggles that Petitioner has endured throughout his life as a result of his low self-esteem and compulsive personality. (*Id*. at 9.) Spizer also argued that Petitioner's chances of rehabilitation were high given his high level of intelligence and strong family support. (*Id*. at 12-13.) These same arguments were raised by Spizer in Petitioner's sentencing memorandum. (Pet'r's Sent. Mem. 2-3 (on file with Court).) Petitioner does not suggest any other factors that Spizer should have raised. Nor does he allege how any such factors would have resulted in a lesser sentence. Petitioner's argument is entirely without merit.

      3. *Appellate Counsel's Failure to Consult with Petitioner Regarding Appellate Issues*

Petitioner asserts that appellate counsel Brett G. Swieitzer, Esquire was ineffective for failing to consult with Petitioner regarding issues of merit. (Pet'r's Mot. 10.) There is simply no

9

support for this argument. Petitioner does not challenge the validity of the appellate waiver contained within his plea agreement. We agree with the Government that Swieitzer did not act unreasonably in deciding to challenge only the Court's calculation of the guideline range, which was "one of the few issues that arguably fell outside the appellate waiver." (Gov't's Resp. 13.) Petitioner has not even attempt to identify any other issues that could have been raised on appeal. Petitioner's argument is frivolous.

### D. Federal Rule of Criminal Procedure 32

Finally, Petitioner argues that his inability to review, read, and inspect the PSR resulted in a violation of Federal Rule of Criminal Procedure 32. Federal Rule 32(e)(2) establishes minimum notice requirements and provides that the "[t]he probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." Fed. R. Crim. P. 32(e)(2). In addition, Rule 32(g) states that "[a]t least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections . . . ." Fed. R. Crim. P. 32(g). Finally, Rule 32(i)(1)(A) requires that "[a]t sentencing, the court . . . verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report[.]" Fed. R. Crim. P. 32(i)(1)(A).

Petitioner has failed to establish any violation of the notice requirements of Rule 32. As discussed above, the record reflects that the probation officer sent Petitioner a copy of the revised PSR and addendum well in advance of the 7-day requirement established by Rule 32(g). To the extent Petitioner asserts a violation of Rule 32(e)(2), we note that Petitioner waived whatever argument he may have had by appearing at the sentencing hearing without objection. *Santiago v.*

10

*United States*, Nos. 09-1334, 08-478, 2009 WL 2391284, at *11 (D.N.J. July 30, 2009) (collecting cases in which courts have found "that the minimum period of notice requirement is waived when the defendant participates in the sentencing hearing without objection").

Petitioner has also failed to establish a violation of Rule 32(i)(1)(A). It is well established that the Third Circuit has not interpreted this rule "as creating an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel." *United States v. Stevens*, 223 F.3d 239, 241 (3d Cir. 2000) (internal quotation marks omitted). Rather, the Court "allow[s] for a more functional fulfillment of the rule, requiring only that the district court somehow determine that the defendant has had this opportunity." *Id*. (internal quotation marks omitted). When a court's failure to comply with this rule is raised for the first time on direct appeal, the Third Circuit requires a showing of prejudice. *United States v. Cedeno*, No. 05-216, 2008 WL 4415600, at *5 (M.D. Pa. Sept. 25, 2008) (citing *Stevens*, 223 F.3d at 246). A showing of prejudice is also required when a failure to comply is raised in a motion under Section 2255. *Id.*; *Santiago*, 2009 WL 2391284, at *13 ("The actual prejudice prong requires that Petitioner demonstrate that the [c]ourt's alleged violation of Rule 32 resulted in [p]etitioner experiencing an actual and substantial disadvantage.") (internal quotation marks omitted).

In the instant case, Spizer informed the Court at the sentencing hearing that she had gone over the PSR with Petitioner on the morning of the hearing and again at counsel table. (Feb. 28 Hr'g Tr. 3.) The Court specifically asked Spizer if she needed additional time. She said no, and Petitioner said nothing. (*Id*. at 4.) Based upon her discussions with Petitioner regarding his criminal history, Spizer raised two objections to the PSR. After reviewing the transcript and the nature of the objections, we are satisfied that Petitioner reviewed the PSR with Spizer. *See*

11

*Rolon v. United States*, Nos. 03-3902, 01-583, 2006 WL 2417275, at *7 (D.N.J. Aug. 21, 2006) (finding that defense counsel's letter brief expressing his intent to argue for a downward departure at sentencing was "evidence of discussion between [p]etitioner and counsel").  In any event, even if we were to accept Petitioner's assertions as true, he has utterly failed to allege how he was prejudiced by the alleged violation.  Petitioner's argument is entirely without merit.

## IV.   CERTIFICATE OF APPELABILITY

The Third Circuit's Local Appellate Rules instruct:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253.  If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

Third Circuit L.A.R. 22.2.  Under 28 U.S.C. § 2253, a defendant seeking a certificate of appealability must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has raised no viable claims.  No reasonable jurist could disagree with this assessment. Therefore, a certificate of appealability will not issue.

## V.  CONCLUSION

For the foregoing reasons, Petitioner's Motion will be denied, and a certificate of appealability will not issue.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**
